IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NOEL KEITH WATKINS,

        Plaintiff,                 No. 2:12-cv-1343 GEB JFM (PC)

   vs.

VAMIL SINGH, et al.,

        Defendants.        <u>ORDER</u>

                        /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

1

1  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust
2  account. These payments will be forwarded by the appropriate agency to the Clerk of the Court
3  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28
4  U.S.C. § 1915(b)(2).
5         The court is required to screen complaints brought by prisoners seeking relief
6  against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
7  § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
9  be granted, or that seek monetary relief from a defendant who is immune from such relief. 28
10 U.S.C. § 1915A(b)(1),(2).
11        A claim is legally frivolous when it lacks an arguable basis either in law or in
12 fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
13 28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
14 indisputably meritless legal theory or where the factual contentions are clearly baseless.
15 Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however
16 inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d
17 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.
18        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
19 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
20 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell
21 Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v.
22 Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a
23 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
24 must contain factual allegations sufficient "to raise a right to relief above the speculative level."
25 Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only
26 "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'""

1 Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964,
2 in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this
3 standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,
4 and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416
5 U.S. 232, 236 (1974).

6 Based on the allegations in the complaint, plaintiff suffers from multiple medical
7 conditions, including arthritis, vertigo, cardio-rheumatoid inflammation of the heart and lungs,
8 and a severe case of psoriasis.  As a result of his psoriasis, which sometimes covers half of his
9 body and causes excessive shedding of the skin, plaintiff claims he has suffered two assaults by
10 other inmates since his arrival at California Medical Facility ("CMF") in 2001.  Plaintiff also
11 claims his vertigo has worsened following a number of attacks while in prison, and he has been
12 forced to move cells over a dozen times, including six late-night emergency cell moves.  Plaintiff
13 asserts that as a result of his medical problems, he is unable to protect himself from these attacks
14 and accuses defendants of being deliberately indifferent for refusing to house him in a single-cell
15 despite past assaults.  Plaintiff names as defendants Vamil Singh, the Warden of CMF; Matthew
16 Cate, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR");
17 and Scott Kernan, the Undersecretary of the CDCR.  Plaintiff brings a claim for violation of the
18 Eighth Amendment and seeks damages, declaratory relief, and injunctive relief.

19 The treatment a prisoner receives in prison and the conditions under which the
20 prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel
21 and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,
22 511 U.S. 825, 832 (1994).  The Eighth Amendment "... embodies broad and idealistic concepts
23 of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102
24 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.
25 Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with
26 "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,

801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk. See Farmer, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See Farmer, 511 U.S. at 844. The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted. See Farmer, 511 U.S. at 844.

In this instance, there are no allegations in the complaint that any of the defendants knew of and disregarded a substantial risk of serious harm. Plaintiff speaks only generally of his medical history and his fear of future harm. Accordingly, the complaint must be dismissed.

/////

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

5

a. The completed Notice of Amendment; and

b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: October 16, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;watk1343.14new

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NOEL KEITH WATKINS,

     Plaintiff,             No. 2:12-cv-1343 GEB JFM (PC)

     vs.

VAMIL SINGH, et al.,

     Defendants.         <u>NOTICE OF AMENDMENT</u>

_____/

     Plaintiff hereby submits the following document in compliance with the court's order filed _____:

     _____      Amended Complaint

DATED:

                                                       Plaintiff