IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NOEL KEITH WATKINS,

        Plaintiff,                  No. 2:12-cv-1343 GEB JFM (PC)

    vs.

VAMIL SINGH, et al.,

        Defendants.            FINDINGS & RECOMMENDATIONS

                           /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 198. Pending before the court are plaintiff's ex parte motions for expedited hearing and for injunctive and declaratory relief. See Doc. Nos. 7-8. No opposition has been filed.

        The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show either a likelihood of success on the merits of the underlying controversy and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. See Oakland Tribune, 762

F.2d at 1376.  Under any formulation of the test, however, the moving party must demonstrate that there exists a significant threat of irreparable injury.  <u>See id.</u>  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  <u>See id.</u>  The loss of money, or an injury whose measure of damages can be calculated in terms of money, will not be considered irreparable.  <u>See id.</u> at 1334-35.

The standard for a temporary restraining order is essentially the same.  The purpose in issuing a temporary restraining order is to preserve the status quo pending a more complete hearing.  The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction.  It is apparent however, that requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. <u>See</u> <u>New Motor Vehicle Bd. v. Orrin W. Fox Co.</u>, 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); <u>Los Angeles Unified Sch. Dist. v. United States Dist. Court</u>, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); <u>Century Time Ltd. v. Interchron Ltd.</u>, 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

The Eastern District of California Local Rules impose additional requirements for a motion for a temporary restraining order.  First, the court will consider whether the moving party could have sought relief by a noticed motion for a preliminary injunctive at an earlier date without the necessity of seeking last-minute relief by motion for a temporary restraining order. <u>See</u> Local Rule 231(b).  Second, the moving party must provide specific documents to the court in support of the requested temporary restraining order.  <u>See</u> Local Rule 231(c).

Finally, in cases brought by prisoners involving conditions of confinement, any temporary restraining order or preliminary injunction must be narrowly drawn, extend no further

/////

2

than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm.  See 18 U.S.C. § 3626(a)(2).

In the complaint and the documents filed in support of the instant motions, plaintiff presents documentation evidencing a number of medical ailments, including psoriasis and vertigo.  As a result of his psoriasis, plaintiff claims he has suffered two assaults since his arrival at California Medical Facility ("CMF") in 2001.  Plaintiff also claims his vertigo has worsened following attacks while in prison, and he has been forced to move cells over a dozen times, including six late-night emergency cell moves.  Plaintiff asserts that as a result of his medical problems, he is unable to protect himself from these attacks.  In the instant motions, plaintiff seeks single-cell placement and an order that plaintiff not be transferred to another prison due to his health issues.

On review, the court finds that plaintiff has not made the required showing of irreparable injury.  Plaintiff claims that because he has suffered two assaults as a result of his psoriasis since his incarceration at California Medical Facility in 2001, he should be placed in a single cell unit for his protection.  However, two assaults over the course of nearly eleven years does not show a significant threat of irreparable injury.  Furthermore, "speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to [plaintiff's] future health."  See Williams v. Wood, 223 Fed. App'x 670, 671 (9th Cir. 2007).  Therefore, as to whether plaintiff would suffer irreparable physical injuries as a result of placement with other inmates, on the current record the court cannot grant injunctive relief based on speculation about what may happen in the future.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's August 13, 2012 and September 26, 2012 motions be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

1 objections with the court and serve a copy on all parties.  Such a document should be captioned
2 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised
3 that failure to file objections within the specified time may waive the right to appeal the District
4 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
5 DATED: October 16, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;watk1343.pi