1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NOEL KEITH WATKINS,

11              Plaintiff,                    No. 2:  12-cv-1343 GEB JFM (PC)

12        vs.

13   VAMIL SINGH, et al.,

14

              Defendant.              <u>ORDER</u>

15   _____/

16

17              Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

18   filed pursuant to 42 U.S.C. § 1983.  By order filed October 17, 2012, plaintiff's complaint was

19   dismissed with leave to file an amended complaint.  Plaintiff has now filed an amended

20   complaint.

21              The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

25   be granted, or that seek monetary relief from a defendant who is immune from such relief.  <u>See</u>

26   28 U.S.C. § 1915A(b)(1), (2).

                                          1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell, 550 U.S. 555, in turn quoting Conley 355 U.S. at 47). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, see id., and construe the pleading in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff has suffered from severe chest pain and shortness of breath according to the complaint. Plaintiff asserts that he was seen several times by various medical personnel[1] who did little to nothing to alleviate his pain and suffering during the course of several medical visits while incarcerated. Plaintiff was ultimately diagnosed with "mild miral regurg[i]tation." (See

---

[1] Plaintiff does not list the named medical personnel who saw him as defendants in the amended complaint.

Dkt. No. 18 at p. 17.) Plaintiff names as defendants Vamil Singh, the Warden of California

Medical Facility; Matthew Cate, the Secretary of the California Department of Corrections and

Rehabilitation ("CDCR"); and Scott Kernan, the Undersecretary of the CDCR. He brings a

claim for violation of the Eighth Amendment to be free from cruel and unusual punishment.

When prison officials are deliberately indifferent to the serious medical needs of

those under their control, the Eighth Amendment proscription against cruel and unusual

punishment is violated. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A determination of

deliberate indifference requires an examination of two elements: (1) the seriousness of the

prisoner's medical needs; and (2) the nature of the defendant's response to that need. McGuckin

v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). To establish deliberate indifference, the prison

official must know of, and disregard, an excessive risk to the patient's health and safety.

Toguchi v. Chung, 391 F.3d 1051, 1057-58 (9th Cir. 2004). The prison official must not only be

aware of facts from which the inference could be drawn that a substantial risk of serious harm

exists, but actually draw the inference. Id.

The court finds the allegations in plaintiff's amended complaint to be insufficient

to state a claim under the Eighth Amendment against the three defendants. The Civil Rights Act

under which this action is filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or
> causes to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in action at law,
> suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statue requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A

person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

an act which he is legally required to do that causes the deprivation of which complaint is made."

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. See Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The amended complaint in this case does not allege in specific terms how the three named defendants are

4

1  involved in the deprivation of plaintiff's Constitutional rights.

2          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

3  order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an

4  amended complaint be complete in itself without reference to any prior pleading.  This is

5  because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>

6  <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

7  original pleading no longer serves any function in the case.  Therefore, in a second amended

8  complaint, as in an original complaint, each claim and the involvement of each defendant must

9  be sufficiently alleged.

10          Plaintiff has also filed a motion to proceed in forma pauperis.  (<u>See</u> Dkt. No. 19.)

11  As plaintiff was previously granted in forma pauperis status, the motion to proceed in forma

12  pauperis (Dkt. No. 19.) will be denied as unnecessary.

13  /////

14  /////

15  /////

16  /////

17  /////

18  /////

19  /////

20  /////

21  /////

22  /////

23  /////

24  /////

25  /////

26

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Dkt. No. 19.) is DENIED as unnecessary as plaintiff has previously been granted in forma pauperis status.

2. Plaintiff's amended complaint is dismissed; and

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original and one copy of the Second Amended Complaint. Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

DATED: December 19, 2012.

UNITED STATES MAGISTRATE JUDGE

14
watk1343.14am.jfm

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NOEL KEITH WATKINS,

11              Plaintiff,              No. 2:  12-cv-1343 GEB JFM (PC)
         vs.
12
     VAMIL SINGH, et al.,
13

14              Defendants.            NOTICE OF AMENDMENT

15   _____/

16              Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18              _____         Second Amended Complaint

19   DATED:

20

21

22

23                                    _____

24                                    Plaintiff

25

26