UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL KEITH WATKINS,<br><br>Plaintiff,<br><br>v.<br><br>VAMIL SINGH et al.,<br><br>Defendants. | No. 2:12-cv-1343 GEB DAD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on a motion to dismiss brought on behalf of defendants Johnson and Rosario. Plaintiff has filed an opposition to the motion, and defendants have filed a reply.

**BACKGROUND**

Plaintiff is proceeding on an amended complaint against defendants Johnson, Rosario, Caraway, and Spears.[1] On March 19, 2013, the court screened plaintiff's complaint and found that it appeared to state cognizable claims against defendant Johnson for retaliation and for failure to protect and against defendant Rosario for failure to protect. (Doc. No. 36)

---

[1] Defendants Caraway and Spears have not yet appeared in this action. To date, plaintiff has not submitted the necessary documents to effect service on them. For the reasons discussed herein, the court will recommend dismissal of these defendants pursuant to Federal Rule of Civil Procedure 4(m).

1

**ANALYSIS**

Defendants have moved to dismiss plaintiff's complaint as barred by the applicable statute of limitations. Specifically, defense counsel contends the alleged actions that plaintiff complains about took place more than two decades ago in 1990, but that plaintiff did not file his complaint in this action until 2012. (Defs.' Mem. of P. & A. 1-9.) In opposition to defendants' motion, plaintiff argues that he is entitled to equitable tolling of the statute of limitations because he received threats from prison officials and inmates whenever he filed a lawsuit. (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 1-11.) For the reasons set forth below, the court will recommend that defendants' motion to dismiss this action as time-barred be granted.

I. Statute of Limitations for 42 U.S.C. § 1983

Because § 1983 does not contain a specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations for personal injury actions was one year. Jones, 393 F.3d at 927. Effective January 1, 2003, however, in California that limitations period is now two years. See id. Federal courts also apply the forum state's laws with respect to tolling of the statute of limitations insofar as state law is not inconsistent with federal law. Jones, 393 F.3d at 297. Under California law, the statute of limitations is tolled for up to two years where the cause of action accrues while the plaintiff is in prison. See Cal. Civ. P. Code § 352.1.

Unlike the length of the statute of limitations or tolling, federal courts apply federal law to determine when a § 1983 cause of action accrues. Under federal law, a § 1983 action accrues, and the statute of limitations begins to run, when the defendants' alleged wrongful act or omission causes damage(s). See Wallace v. Kato, 549 U.S. 384, 388 (2007). In this regard, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado, 370 F.3d at 955.

/////
/////

2

II. Discussion

The court may dismiss a claim under Rule 12(b)(6) on the grounds that it is barred by the applicable statute of limitations when "the running of the statute is apparent on the face of the complaint." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006). See also Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980) (a court may grant a motion to dismiss based on the statute of limitations "if the assertions of the complaint, read with required liberality, would not permit the plaintiff to prove that the statute was tolled."). In this case, plaintiff's allegations against defendants Johnson and Rosario center on events that allegedly took place in 1990. As such, plaintiff's cause of action accrued in 1990, and he had up to four years (the two-year limitations period plus the two-year statutory tolling due to plaintiff's incarceration) to file his § 1983 action in this court. However, plaintiff did not file this action until May 17, 2012, nearly two decades after the statute of limitations for doing so had expired. Neither party appears to dispute, and the undersigned finds, that this action is untimely unless plaintiff is entitled to equitable tolling.

Generally speaking, whether equitable tolling applies in a case is not amenable to resolution on a motion to dismiss because the determination often depends on matters outside of the pleadings. See Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993). However, where factual and legal issues are sufficiently clear to permit the court to determine as a matter of law that the equitable tolling doctrine cannot be successfully invoked, the court may dismiss an action on a Rule 12(b)(6) motion. See id. at 1276-77; Supermail Cargo v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995). For the reasons discussed below, the court finds that it is clear from the complaint and matters subject to judicial notice that plaintiff in this case is not entitled to the over fifteen years of equitable tolling of the statute of limitations that it would take to render this action timely filed.

Under California law, a plaintiff must meet three conditions before he is entitled to equitable tolling of the statute of limitations: (1) he must have diligently pursued his claim; (2) that plaintiff is left without a judicial forum for his claims must be the result of forces beyond his control; and (3) the defendants must not be prejudiced by the application of equitable tolling. See

| | |
|---|---|
| 1 | Bollinger v. National Fire Insurance Co., 25 Cal. 2d 399, 406-11 (Cal. 1944); Rose v. Hudson, |
| 2 | 153 Cal. App. 4th 641, 655-56 (2007) (discussing the Bollinger rule of equitable tolling); Hull v. |
| 3 | Central Pathology Serv. Med. Clinic, 28 Cal. App. 4th 1328, 1334-35 (1994) (same). "The |
| 4 | fundamental purpose underlying statutes of limitations is to protect defendants from having to |
| 5 | defend stale claims by providing notice in time to prepare a fair defense on the merits." See |
| 6 | Downs v. Dep't of Water & Power, 58 Cal. App. 4th 1093, 1099-1100 (1997). |

In this case, the court finds that plaintiff was not diligent in the pursuit of his claims. Specifically, there is no question that plaintiff has long been aware of the facts underlying his claims against the defendants. According to plaintiff himself, he filed a § 1983 action in the mid-1990s and therein requested damages, an injunction, and a restraining order. (Am. Compl. at 15 & Ex. 1 5-13) According to plaintiff, shortly thereafter prison officials allegedly took plaintiff's legal materials and, when he informed the court of these circumstances, the District Judge assigned to that case purportedly advised him to re-file his legal action at a later date. (Id.) Presumably, plaintiff is referring to his prior action filed in this court and entitled Watkins v. White, 2:96-cv-1497 DFL JFM P in which he named as defendants Johnson, Rosario, Caraway and others prison officials.[2]

Even assuming plaintiff's allegations about prison officials confiscating his property while he was pursuing his previously filed action are true, plaintiff acknowledges that prison officials returned his legal materials to him five months after they were allegedly seized. (Am. Compl. at 15-16) Here, plaintiff has not adequately explained why he then waited so many years to re-file his lawsuit. In this regard, even if the court granted plaintiff equitable tolling for the period he pursued his claims in his prior action, too much time thereafter remains unaccounted for in this case. Compare Bollinger, 25 Cal. 2d at 411 (granting equitable tolling because plaintiff had done all in his power to diligently prosecute his claim), with Wood v. Elling Corp., 20 Cal. 3d 353, 362 (1977) (denying the plaintiff the benefit of equitable tolling because he was not diligent and failed

---

[2] Plaintiff has attached as an exhibit to his amended complaint the amended complaint he filed in Watkins v. White, 2:96-cv-1497 DFL JFM P. In addition, a court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

4

to effect service on defendants within three years).  See also Hu v. Silgan Containers Corp., 70 Cal. App. 4th 1261, 1270 (1999) ("In the majority of cases in which courts apply the equitable tolling doctrine, the plaintiff possess several legal remedies, and reasonably and in good faith pursues one designed to lessen the extent of his or her injuries or damages.  In these cases, if the defendant is not prejudiced, the running of the limitations period is tolled as to the other available remedies."); Downs, 58 Cal. App. 4th at 1099-1100 ("A second policy underlying the statutes is to require plaintiffs to diligently pursue their claims.  The 'equitable tolling doctrine evolved in the 1970's to toll statutes of limitations when defendants would not be prejudiced and plaintiffs, who had several legal remedies, pursued one such remedy reasonably and in good faith.").

To be sure, in plaintiff's amended complaint and in his opposition to defendants' pending motion to dismiss plaintiff contends that he received threats from prison officials and was told not to file or litigate any legal actions.  Plaintiff's allegations in this regard, however, are vague and conclusory and suggest an implausible scenario – that for two decades unspecified prison officials and inmates at three separate prisons threatened plaintiff to such a degree that he felt he could not file this civil rights lawsuit.  In fact, plaintiff's litigation record in this court demonstrates that he was able to file and pursue litigation during the very period of time he suggests here that he could not.  Specifically, the undersigned notes that from 1990 to 2011, plaintiff filed at least eight other lawsuits in this court.  See Watkins v. Borg, No. 2:90-cv-1098 DFL PAN P; Watkins v. White, No. 2:96-cv-0380 DFL JFM P; Watkins v. White, 2:96-cv-1497 DFL JFM P; Watkins v. Daly, No. 2:06-cv-0685 MCE DAD P; Watkins v. Knowles, No. 2:09-cv-0363 WBS DAD P; Watkins v. Monday, No. 2:11-cv-1327 GEB KJN P; Watkins v. Singh, No. 2:11-cv-1689 MCE EFB P; Watkins v. Dickinson, No. 2:11-cv-1386 CMK P.

Although plaintiff did not prosecute some of these cases to their conclusion, he pursued others to judgment demonstrating that he could have filed this lawsuit far earlier.  For example, in Watkins v. Daly, No. 2:06-cv-0685 MCE DAD P, petitioner filed a 197-page petition for writ of habeas corpus challenging the Board of Parole Hearings' decision to deny him parole.  (Id., Doc. 1)  His traverse to the respondent's answer was 94 pages long, and his objections to the court's findings and recommendations were also 94 pages in length.  (Id., Doc. Nos. 15 & 27)  According

to the record in that case, before plaintiff filed his petition he filed petitions for writ of habeas corpus in the Solano County Superior Court, the California Court of Appeal, and the California Supreme Court in order to exhaust his claims before coming to federal court. (Id., Doc. No. 25)

In light of plaintiff's litigation history, the court finds plaintiff's failure to file and pursue this lawsuit sooner was unreasonable and demonstrates unequivocally his lack of diligence in pursuing his claims in this action. Having so concluded, the court finds that plaintiff is not entitled to equitable tolling of the statute of limitations and declines to address the remaining two requirements of the equitable tolling doctrine. See Wood, 20 Cal. 3d at 361 (all three elements must be present before equitable tolling will apply); Hull, 28 Cal. App. 4th at 1336, n.7 (because plaintiff failed to meet first two prongs for equitable tolling court need not determine third prong of whether defendants would be prejudiced).

In sum, the undersigned finds that plaintiff's claims against defendants Johnson and Rosario arising from alleged events that took place back in 1990 are time-barred. In addition, for the reasons discussed above, the court finds that the granting of leave to amend in this case would be futile. See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment."). Accordingly, defendants' motion to dismiss this action as barred by the statute of limitations should be granted.

**OTHER MATTERS**

On September 18, 2013, the court ordered the United States Marshal to serve plaintiff's amended complaint on the defendants. The Marshal was unable to effect service on defendants Caraway and Spears because these defendants were no longer employed by CSP-Sacramento. The court ordered plaintiff to provide the court with additional information to serve these defendants and granted him sixty days to complete and submit the necessary documents to effect service. On January 24, 2014, plaintiff filed a motion for a sixty-day extension of time to obtain the addresses for defendants Caraway and Spears. On February 7, 2014, the court granted

plaintiff's motion. That sixty-day period has long since expired, and plaintiff has not submitted the necessary service documents. He has only recently filed a motion requesting the court to use its "judicial authority" to serve defendants Caraway and Spears.

As the court previously instructed plaintiff, he is required to provide the court with the information necessary to serve defendants Caraway and Spears. To date, he has not done so. Under the circumstances of this case as set forth above, the undersigned finds that plaintiff cannot show good cause for the failure to effect service on defendants Caraway and Spears. Although plaintiff has had more than sufficient time to provide the court with the additional information necessary to enable the United States Marshal to serve these defendants, on two separate occasions plaintiff has failed to provide the court with a current addresses for them. Accordingly, the court concludes that defendants Caraway and Spears should be dismissed from this action. See Fed. R. Civ. P. 4(m).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the court to use its "judicial authority" to serve his complaint on defendants Caraway and Spears (Doc. No. 67) is denied.

IT IS HEREBY RECOMMENDED that:

1. Defendants' amended motion to dismiss (Doc. No. 60) be granted;

2. Defendants' Caraway and Spears be dismissed; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties

/////

/////

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 26, 2014

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
watk1343.57